# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1227
_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas Nigel Ford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 9, 2023
Filed: February 15, 2023
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Nicholas Ford pled guilty to conspiracy to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. At

sentencing, the district court[1] varied downward from Ford's advisory Sentencing Guidelines range and sentenced him to serve a 240-month term of imprisonment. Ford appeals, asserting: (1) the district improperly calculated the drug quantity attributable to him resulting in an improper Sentencing Guidelines calculation; and (2) the sentence imposed is substantively unreasonable. We affirm.

In his plea agreement, Ford admitted to possessing with intent to distribute 35 grams of a methamphetamine mixture and receiving at least one shipment of 20 pounds of a methamphetamine mixture. The parties also stipulated that they would recommend at sentencing that the district court find the conspiracy involved at least five kilograms of a mixture containing methamphetamine, which would result in a base offense level of at least 34 under the Sentencing Guidelines. After reviewing the discovery materials and using the drug equivalency table for combining differing controlled substances, the presentence investigation report ("PSIR") determined the offense involved more than 90,000 kilograms of converted drug weight, which placed Ford's base offense level at 38, yielding a Sentencing Guidelines range of 292 to 365 months. Ford objected to the drug quantity being attributed to him, and the district court took up the issue at the sentencing hearing.

At sentencing, the government urged the district court to adopt the PSIR calculation and submitted the grand jury transcripts from two individuals who testified about Ford's involvement in drug trafficking. Ford's mother and stepfather testified on his behalf. After considering the evidence presented, the district court overruled Ford's objection to the drug quantity calculation and adopted the calculation set forth in the PSIR, finding the quantity contained in the report was a conservative calculation based upon the grand jury testimony. After weighing both aggravating and mitigating factors, the court varied downward from the advisory Sentencing Guidelines range and imposed a sentence of 240 months' imprisonment and a five-year term of supervised release.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Ford challenges the district court's drug quantity calculation, asserting it was not supported by competent evidence. A district court's drug quantity determination is a factual finding, which we review for clear error. United States v. Shaw, 965 F.3d 921, 926 (8th Cir. 2020) (quoting United States v. Walker, 688 F.3d 416, 420 (8th Cir. 2012)). "We will overturn a finding of drug quantity only if the entire record definitively and firmly convinces us that a mistake has been made." Id. (quoting United States v. Quintana, 340 F.3d 700, 702 (8th Cir. 2003)).

While Ford asserts that his mother and stepfather's testimony undermined the grand jury testimony, the record demonstrates something different—Ford had opportunities to engage in drug dealing during times unaccounted for by the testimony of his mother and stepfather. Further, as noted by the district court, the grand jury testimony was not inconsistent with Ford's own admissions. The district court did not clearly err in determining the drug quantity attributable to Ford. See United States v. Still, 6 F.4th 812, 818 (8th Cir. 2021) (citations omitted) (reiterating that consideration of grand jury testimony at sentencing is permissible, as it has indicia of reliability because it is given under oath and subject to perjury penalties).

We review Ford's next claim that his sentence is substantively unreasonable under an abuse of discretion standard. United States v. John, 27 F.4th 644, 651 (8th Cir. 2022) (citation omitted). "Our review of the substantive reasonableness of a sentence is narrow and deferential, and it is the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Sentencing Guidelines range—as substantively unreasonable." Id. (quoting United States v. Whitlow, 815 F.3d 430, 436 (8th Cir. 2016)). The district court considered the relevant factors in fashioning Ford's sentence and adequately explained the bases for the length of its downward variance.

We find no abuse of discretion in the district court's refusal to apply a greater variance.  See id. (recognizing the district court's wide latitude in weighing the sentencing factors and assigning some greater weight than others).

The judgment of the district court is affirmed.

_____